ABRAHAM MARTIN, administrator, claimant, plaintiff in error, vs. JAMES McCONNELL, administrator, *de bonis non, cum testamento annexo,* defendant in error.

Joseph McConnell died in 1840. By his will, he gave a life estate in his negroes to his widow. He directed that all of his children should have an equal share of his property. And at the division, which was to take place at the death of his wife, he gave Esther, a woman, to Sarah Wardlaw, his widowed daughter. Sarah afterwards, and since the death of the testator, intermarried with James Martin.

*Held,* That Sarah took an equal share only of her father's estate, to be ascertained and determined at the death of her mother; and that it vested in her *husband, James Martin.* That the provision in the statute requiring claims, at administrator's sale, to be made previous to sale day, is directory only; and that failure to do so, does not invalidate the claim.

Claim, in Clayton Superior Court. Tried before Judge BULL, May Term, 1859.

This was a claim, interposed by Abraham Martin, administrator of his deceased wife, Sarah Martin, formerly Wardlaw, to certain negroes advertised to be sold by James McConnell, administrator *de bonis non, cum testamento annexo,* of Joseph McConnell, deceased.

The facts of the case, as agreed by the counsel of the respective parties, are as follows:

Joseph McConnell died about 1840, leaving his last will and testament, whereby he bequeathed his estate as follows:

Martin, adm'r, vs. McConnell, adm'r.

"To my wife, Mary McConnell, during her life, the control of the houses, lands and all the black people, while she enjoys senses to command them justly." Also, certain notes, which "when collected to be managed as to be on interest till a final settlement, as I wish all my children to have an equal part of my substance," &c. "At the division, I give Nancy Barnhill, Adeline; Sarah Wardlaw, Esther; and all the blacks to have liberty to choose their homes among my children," &c. Testator left William and Joshua McConnell his executors, who qualified, and the property mentioned in said will, went into and remained in the possession of the said Mary McConnell, the widow, until her death in the year 1858. Sarah Wardlaw died in 1853. William McConnell one of the executors, died in 1854, and Joshua, the other and surviving executor, died in 1858, shortly after the death of Mary McConnell, the said widow and tenant for life.

Afterwards, James McConnell took out letters of administration *de bonis non, cum testamento annexo,* on the estate of Joseph McConnell, the testator, and took possession of the negro woman Esther, and her children, bequeathed to said Sarah Wardlaw, who afterwards became the wife of claimant, and said James McConnell has advertised said negroes for sale, as administrator aforesaid; and that Abraham Martin, the husband, and administrator of said Sarah, has interposed his claim to the same. It was further agreed and admitted that said Sarah Wardlaw, at the death of her father, Joseph McConnell, the testator, was a widow; that by her first husband, she had five children, who are living, and all of age; that she had no children by her last husband, Martin. That the negro woman Ester and her children, are more than an equal share of testator's estate, and that the plaintiff, James McConnell, as administrator *de bonis non, &c.* aforesaid, obtained, upon due and legal notice and application from the Court of Ordinary of Walker county, an order to sell said negroes.

Upon this agreed statement of facts, and after argument,

the Court held and decided that Mrs. Martin, formerly Ward-law, claimant's intestate, took a vested remainder in the property bequeathed to her by the will of her father, to be divided at the death of Mary McConnell the tenant for life; that the shares of all the testator's children should be made equal on said final division, and if the negro woman Esther and her increase exceeded in value the share of claimant's wife, then she must account to the other legatees for said excess, and thereupon dismissed the claim.

To which decision counsel for claimant excepted.

DOYAL, McCONNELL & TRAMMELL; and JOHNSON & ARNOLD, for plaintiff in error.

TIDWELL & WOOTEN, contra.

By the Court.—LUMPKIN J. delivering the opinion.

We concur with the Court below in the construction put upon the will of Joseph McConnell, deceased, namely: that Sarah Wardlaw, the widowed daughter of the testator, took an equal share only of her father's estate, to be determined at the division, (the death of Mary McConnell his wife.) That this was a vested remainder; and consequently goes to her husband, James Martin, with whom she intermarried after the death of her father.

The testator desired an equal division of his negroes amongst his children; and expresses the wish, that in making the division, the preference of the slaves themselves may be consulted, at the same time mentioning a girl by name, to be appropriated to each of his daughters. And in this sense, and in this only, he may be said to have given Esther to his daughter, Sarah Wardlaw.

As the rest of the negroes have all been sold for the purposes of division, and Mrs. Wardlaw is dead, on whose account alone, this woman was set apart in the division; it is

as well, perhaps if not better, that she and her children be sold also, and the proceeds distributed. There is no more reason, for withholding her from sale, than any of the others, especially if it would involve necessarily the separation of the mother from her children.

The provision in the statute, that notice must be given of the intention to claim, at an administrator's sale, before sale day, is directory only. It is well enough to follow the direction of the statute in this respect, as it may save the trouble of bringing the property to the Court House, still the failure to do so, does not invalidate the claim.

Judgment affirmed.